AUGUSTUS G. WOOD *et. al.*, Appellants, *v.* JAMES CARLETON, Respondent.

*Supreme Court, Fourth Department, General Term, July,* 20, 1889.

1. *Contract. Damages.*—In estimating the damages resulting from the breach of a warranty that a water-wheel is of a certain power, which proved to be of less power, the proper rule of damages is the difference between the value of the wheel as it was, and as it was warranted to be.

2. *Same.*—The difference between the rental value of the mill with the wheel as furnished, and such value with the wheel as warranted, together with the costs of taking out this wheel and putting in a new one, furnishes an improper basis for computing the damages, where the purchaser occupied the mill the whole time and used the wheel, and the wheel was not taken out and offered to be returned.

3. *Same.*—The damages or expense, and delay occasioned by the breakage of the shaft, if within the warranty and chargeable to the plaintiff, may be an additional element of damages.

Appeal from a judgment entered upon the report of a referee.

In the fall of 1882, plaintiffs agreed with the defendant to manufacture and deliver to him at his mill a turbine water-wheel for the price of $300. The wheel was manufactured and delivered about the 9th day of February, 1883, and defendant, on May 24, 1883, paid $200 on the price.

This action was brought to recover the balance of the price, together with several small items of account.

The defendant in his answer, by way of counterclaim, alleged that the plaintiffs warranted that the water wheel should be of fifty-five horse power; that the plaintiffs were informed, at the time of the contract, that the defendant designed to use the wheel in his mill for the motive power

thereof; that the wheel did not, in fact exceed twenty-five horse power, and a shaft connected with it and furnished by plaintiffs was defective and soon broke; that the lack of power and defect in shaft were unknown to defendant, and not discovered until after the wheel was put in operation in the mill; that by reason of such lack of power and inability to run the mill to its full sawing capacity, and the defective character of the shaft, the mill became and remained unoccupied and unoperated for a long time, and still remains partially unoccupied and incapable of being completely and fully operated, and defendant was put to great loss of time and expense in repairing the mill, and to great loss of earning capacity and rental value, to his damage of $1,500.

The referee found that plaintiffs warranted that the wheel should be of the capacity of 55 40-100 horse power under an 18 feet head of water, and would saw and cut out 1,000 feet of lumber per hour under said head; that the wheel did not have such capacity, that the fair rental value of the mill with the wheel as furnished was $200 a year; that such value, if the wheel had been of 55 40-100 horse power capacity, would be $300 a year; that the cost to the defendant for putting in and setting up the wheel was $75, and as matter of law he found that defendant was damaged by reason of plaintiff's breach of contract the sum of $200.

*George W. Smith* and *Davies & Johnson*, for appellants.

*Alpha F. Orr*, for respondent.

MERWIN, J.—The evidence authorizes the finding that plaintiffs warranted that the wheel should be of the capacity stated, and that there was a breach of such warranty. The plaintiffs claim the wheel was not properly set, but the evidence warrants the conclusion of the referee that it was set substantially as the plaintiffs directed. The plaintiffs claim

there was no warranty except as coupled with the condition that the wheel should be tried within thirty days, and if not satisfactory or made satisfactory, then to be returned. Whether there was such a condition was a question of fact for the referee to dispose of. His finding against it was not against evidence. We must, therefore, assume there was an express warranty, and this, although the contract was executory, the defendant had a right to rely upon; he was not obliged to rescind. Brigg *v.* Hilton, (99 N. Y. 529), and cases cited.

The matter of damages presents a more serious question. It is claimed by the defendant that the difference between the rental value of the mill with the wheel as furnished and such value with the wheel as warranted to be, together with the costs of taking out this wheel and putting in a new one, furnish the basis for damages. The referee has apparently proceeded on this basis, as he finds no other facts upon which to rest his conclusion of law as to the amount of damages. The evidence is not sufficient upon any other basis to support the finding as to damages. How much the referee allowed for the difference of rent and how much for expense of removal does not appear. His findings are excepted to as well as the evidence given on the subject.

The defendant to sustain his position cites Griffin *v.* Colver, (16 N. Y. 496), Rogers *v.* Beard (36 Barb. 37), Manhattan Stamping Works *v.* Koehler (45 Hun 150), Cassidy *v.* Le Fevre (45 N. Y. 562.) In the Griffin Case the plaintiff agreed to build a steam engine, with boilers, etc., for the defendants, and to deliver it by a certain day. There was a delay of a week in the delivery, during which time the defendant lost the use of certain machinery which the engine was intended to drive, as the plaintiff knew. The plaintiff sued for the price and the defendants recouped their damages for the delay. It was held that the ordinary rent or hire which could have been obtained for the use of the machinery whose operation was

suspended for want of the steam engine could be recovered as damages. In the Cassidy Case the same principle was asserted as applicable to a case where the use of machinery was lost during the time spent in making repairs to defective boilers. In the Rogers Case there was a neglect to repair a vessel within the time called for by the contract; and it was held that the measure of damages for the delay was the value of the rent of such a vessel as used or chartered at the time. In the Manhattan Stamping Works Case, the plaintiff leased of the defendant for a year certain 'premises, together with all the steam power the plaintiff needed in a certain business known to defendant. There was a failure by defendant to furnish steam power. It was held that evidence tending to show what was the ordinary rent or hire of the machinery during the time of the deficiency of power was properly rejected, as no claim for damages upon this ground was alleged in the complaint, it being said that if there had been the proper allegation, the evidence would have been admissable. These cases hardly sustain the defendant's position. Here there was a sale with a warranty as to capacity. No question about delay in delivery. After the wheel was put in, it was in use for two weeks, when the shaft broke. That was soon repaired, and then there was some further use, or opportunity for use, when, upon 24th of May, 1883, $200 of the price was paid. At that time, as the defendant testifies, one of the plaintiffs told him that if the wheel did not turn out all right, he would make it all right. During the summer it was used to a considerable extent, and nothing further said to plaintiffs about it till September, when some complaint was made. There was no return of the wheel or offer to return it.

So far as the case shows, there was abundant opportunity to test it before the making of the payment. The defendant had no special contracts in which he suffered damage by reason of insufficient capacity. As the wheel was not taken out or offered to be returned, it is a little difficult to see

how the expense of putting it in or taking it out is an element of damages. It was not worthless, and the defendant has had, and still has, the benefit of it. If the difference in rental value is an element, what is the limit as to time? Can it be said that the rental value for an indefinite time was within the reasonable contemplation of the parties?

In Edwards *v.* Collson (5 Lans. 324), it was held that a warranty of a steam engine as having a capacity for work to a certain horse power, as sound and in good order and as having the ability to perform labor to the extent of the capacity warranted, is a general warranty and the damages allowed for its breach are merely the difference between the actual value of the engine and that which it would have had if as warranted, and that this would be so although the engine was sold for the purposes of the defendant's saw mill, then about to be erected, and was to be placed in that mill in running order.

We think the case is quite in point, and presents the proper rule for the present case as it is now developed. If the breakage of the shaft is chargeable to the plaintiffs and within the warranty, the damage or expense and delay occasioned by that may be an additional element. So if before the discovery of the defects or reasonable opportunity to do so, there was special damage unavoidably sustained, that would be allowable if within the complaint according to the case of Zuller *v.* Rogers (7 Hun, 540).

We are, therefore, of the opinion that the rule adopted as to damages was erroneous, and on that ground the judgment must be reversed.

MARTIN, J., concurs.

HARDIN, P. J.—I am inclined to the opinion that the long-continued use of the wheel by defendants as disclosed by the evidence warranted a finding that the defendants had accepted the wheel. Brown *v.* Foster, 108 N. Y. 387.

·I assent to a reversal.

Judgment reversed on the exceptions and a new trial ordered before another referee, with costs to abide the event.