## LANE v. TOWN OF HANCOCK.

(*Supreme Court, General Term, Third Department.*   February 24, 1890.)

CHANGE OF VENUE—DISCRETION OF SPECIAL TERM.

The decision of the special term, denying a motion for a change of venue for convenience of witnesses, will not be disturbed by the general term unless there has been a plain and evident misuse of discretion.

Appeal from special term, Sullivan county.

Action by Marvin Lane, as administrator of Sarah A. Lane, against the town of Hancock, to recover damages for the death of plaintiff's intestate. Defendant appeals from an order denying its motion for a change of venue from Sullivan to Delaware county for convenience of witnesses.   Seventeen witnesses living in defendant town were claimed to be material and necessary. On plaintiff's behalf it was shown that two of the witnesses did not reside in defendant town, and that some of the other witnesses were more convenient to the county-seat of Sullivan, and the names of 12 witnesses residing in Sullivan county were given, all of whom were claimed to be necessary for plaintiff.

Argued before LEARNED, P. J., and LANDON, J.

W. J. Welsh, for appellant.   John F. Anderson, for respondent.

LEARNED, P. J.   There are very few cases in which we ought to interfere with the decision of the special term on a motion to change the place of trial for the convenience of witnesses.   The matter is one of sound judgment and discretion, not one of law; and, unless there has been a plain and evident misuse of such discretion, the decision of the special term must stand.   Such a case is not before us.   Without attempting an exact enumeration of the witnesses, it is enough to say that there was no great preponderance on either side.   Of course it is well known that, though the convenience of witnesses is the ostensible, it is not the real, motive of such motions.   The supposed interest and convenience of the parties are the reasons for making and for opposing, and it is seldom that on the trial all, or nearly all, the witnesses are called who have been stated to be absolutely necessary and indispensable.   Very probably such will be the result in this case.   Order affirmed, with $10 costs and printing disbursements.