### SCHMIDT *et al.* *v.* ROCHESTER LITHOGRAPHIC & PRINTING CO.

*(Supreme Court, General Term, First Department.* March 28, 1890.)

CHANGE OF VENUE—REVIEW ON APPEAL.

 An order changing place of trial for convenience of witnesses will not be disturbed by the general term, though it would also have affirmed the order if the court below had arrived at a different conclusion.

Appeal from special term, New York county.

Action by Konrad Schmidt and Henry Lehrberger against the Rochester Lithographing & Printing Company. Plaintiffs appeal from an order changing place of trial from New York county to Monroe county, for the convenience of witnesses.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Douglass & Minton,* for appellants. *W. Martin Jones,* for respondent.

VAN BRUNT, P. J. In this class of cases it is exceedingly difficult to determine as to whether justice is done by changing the place of trial or not. It is urged upon the part of the appellant that some of the witnesses who are sworn to upon the part of the defendant are not at all necessary, and cannot be examined upon the trial of this action. In respect to two of these witnesses this criticism seems to be correct, because it is stated that they will be required for the purpose of proving the contract, which it clearly appears was made by correspondence, and in respect to the terms of which there is no question. But, in respect to the other witnesses sworn to, the fact that they are necessary and material witnesses does not seem to be successfully questioned. But it is alleged that two are residents of Canada, viz., the city of Toronto, and that their convenience will not be considered upon a motion of this nature; leaving but seven witnesses upon the part of the defendant. It is urged that these seven witnesses are to give cumulative testimony, and that therefore they are not necessary.

In view of the fact that the same criticism can be passed upon the proposed testimony of some of the witnesses for the plaintiff, we do not think that this consideration is entitled to much weight. The witnesses suggested upon the part of the defendant seem to have borne different relations to the subject-matter, and would give testimony of a different character; and, upon the whole case, we cannot see that the court below erred in coming to the conclusion which it did, although, perhaps, if it had arrived at a different conclusion, we should also have affirmed the order. The order should be affirmed, with $10 costs and disbursements. All concur.