## DUNDEE NAT. BANK v. WOOD et al.

*(Supreme Court, General Term, Fifth Department. April 11, 1890.)*

JUDGMENT—SATISFACTION—EXECUTION.

Where a judgment has been improperly satisfied, the proper remedy for the party aggrieved is to vacate the satisfaction and restore the judgment, after which the lien can be enforced.

Appeal from special term, Yates county.

Action by the Dundee National Bank against Anthony T. Wood and Ralph T. Wood. Eliza E. Wood, the assignee of Anthony T. Wood, who was surety for the other defendant, and out of whose property plaintiff collected its debt,

appeals from an order vacating executions issued in her favor. For former report, see 6 N. Y. Supp. 766.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. A. Vanderlip,* for appellant.     *William T. Morris,* for respondent.

CORLETT, J.  In May, 1884, the plaintiff recovered a judgment against the defendants for $2,542.44. The judgment roll was filed in Yates county and judgment docketed in Livingston county. Execution was issued to the sheriff of the county of Livingston to collect the judgment. In July, 1888, he collected the judgment in full, returned the execution, and the judgment was satisfied of record. Anthony T. Wood was surety for the debt included in the judgment. The defendant Ralph T. Wood was the principal. The debt was collected out of the property of the surety. Eliza E. Wood became the assignee of the surety. She made a motion to compel Shepherd, the assignee of the judgment, to assign the judgment to her. This was granted at special term, Justice RUMSEY presiding. In pursuance of the order based upon that decision, Shepherd assigned to her the judgment. She afterwards caused execution to be issued upon the judgment to the sheriffs of Yates and Livingston counties. A motion was made at special term before Justice DAVY to set aside these executions upon the ground that the judgment upon which they were issued was paid and satisfied of record. The motion was granted, and an appeal was taken to this court. A judgment is not valid so as to authorize proceedings thereon until the record is made, signed, and filed. Sections 1250, 1339, Code Civil Proc. Section 1264 provides that where execution is returned wholly or partly satisfied, the clerk shall make an entry of satisfaction in whole or part. "Thereupon the judgment is deemed satisfied to the extent of the amount returned as collected, unless the return is vacated by the court." Sections 1266 and 1267. There can be no execution without a judgment. If for any reason it has been improperly satisfied, the remedy is to vacate the satisfaction and restore the judgment, after which the lien can be enforced. Freem. Judgm. 480; Freem. Ex'ns, § 19; *Foot* v. *Dillaye,* 65 Barb. 521; 2 Rum. Pr. 791; *Crotty* v. *McKenzie,* 42 N. Y. Super. Ct. 192. The surety or his assignee are not without remedy, as equity will afford relief. The decision directing an assignment to Eliza E. Wood is in no sense an adjudication that she may issue execution to collect a satisfied judgment. The order must be affirmed.

DWIGHT, P. J., and MACOMBER, J., concur.