## KLEINHANS *v.* WHITING *et al.*

(*Supreme Court, General Term, Fifth Department.*   October 23, 1890.)

CHANGE OF VENUE.

    Defendants manufactured and delivered to plaintiff, in the county of Erie, a boiler to be used on a steam-boat in Monroe county, under an agreement that the boiler should be so constructed as to pass the government inspector's test.   This test was made in Monroe county, and the boiler pronounced defective.   Plaintiff sued for damages in Monroe county, where he resided, alleging that the boiler had been improperly constructed.   Defendants answered that the defect was caused by the misconduct of plaintiff's employes in tampering with the boiler after its arrival in Monroe county, and before the test was made.   *Held*, that all the matters in issue

arose in Monroe county, and that it was error to change the venue from that county to Erie county; the number of witnesses on each side being about equal. Corlett, J., dissenting.

Appeal from special term, Monroe county.

Action by Frederick Kleinhans against Charles L. Whiting and others for damages suffered from a defective steam-boat boiler manufactured for him by defendants, and which they agreed should be satisfactory in every respect, and should pass the government inspector's test. The boiler was manufactured and delivered in Erie county. The plaintiff resides in Monroe county, and his steam-boat runs from Charlotte to a summer resort known as "Long Pond," both in Monroe county. The government inspector's test, also, was made in Monroe county, and the boiler pronounced defective. Plaintiff then brought this action for damages, alleging that it had been improperly constructed in the first place. Defendants answered, admitting that the boiler failed to pass the test, but alleged that it had been injured and tampered with by plaintiff's employes after its arrival in Monroe county, and before the test was made. The action was brought in Monroe county. Defendants moved for a change of venue to Erie county, on affidavits showing that all their witnesses, 20 in number, resided in that county. Plaintiff submitted affidavits showing that all his witnesses, also about 20 in number, resided in Monroe county. The motion was granted, and plaintiff appeals.

Argued before Dwight, P. J., and Macomber and Corlett, JJ.

J. & Q. Van Voorhis, for appellant. Truman C. White, for respondents.

Per Curiam. Order appealed from reversed, with $10 costs and disbursements, for the reason that all the matters in issue arose in Monroe county.

Corlett, J., (dissenting.) In January, 1889, the plaintiff made a contract with the defendants for the construction of a boiler for the agreed price of $650, and $18 extra for an ash-pan. The boiler was completed and delivered, and the plaintiff paid $550 of the purchase price to the defendants. The complaint alleges in substance that the defendants were doing business in the city of Buffalo, under the firm name of George W. Tifft, Sons & Co., and were engaged in the construction and sale of steam-boilers; that the plaintiff resides in Rochester, and is in the months of June, July, August, and September of each year engaged in running a passenger steamer from the village of Charlotte to a summer resort on the shores of Lake Ontario; that the defendants agreed to build a first-class boiler at a standard pressure of 150 pounds to the square inch, and which amount of pressure an official inspector of steam-boilers would allow it to carry; that the boiler was delivered to the plaintiff in Buffalo in May, 1889; that it proved defective, and was so pronounced by the government inspector; that, by reason thereof, the plaintiff was compelled to delay running several weeks, and was subjected to great expense and damage. The answer puts in issue the alleged defective construction; admits that it did not stand the inspector's test; but alleges that this was not because of improper construction, but of the misconduct of the plaintiff's workmen before the government inspection. The affidavits on each side show more than 20 witnesses, the defendants' residing in the county of Erie, and the plaintiff's in the county of Monroe. Many of the plaintiff's witnesses are upon the time the boat was delayed, and the loss by reason thereof, including the expense, and various items of damage. Most of the defendants' witnesses are stated to be for the purpose of proving that the boiler was constructed according to contract. It will be observed that there is no controversy as to the boiler being defective when examined by the government inspector. The material question on that subject on the trial will be whether this defect existed when the boiler was constructed and delivered, or whether it was caused otherwise before the inspection. It is obvious, therefore, that

the defendants must prove the making and delivery of a boiler which in all respects complied with the contract. What caused or produced the defect, in the nature of things, must be litigated upon the trial. The contract for the boiler was made in the city of Buffalo. It was made and delivered there. The defect was ascertained in Monroe county. But the cause of action, if it exists, arose in Erie, for the defects in the boiler must have existed at the time of the delivery; in which event plaintiff's cause of action was then complete, so that proof of proper construction by the defendants will be material. There will be no substantial controversy as to the condition of the boiler when examined by the government inspector, so the central contention will be whether it was properly constructed or injured by the plaintiff's employes after delivery. On the question of damages, the plaintiff can have no difficulty, for, by the use of a few witnesses, he can show the delay, and all legitimate items of damage. The general rule on the subject of damages is the difference between the value of the boiler as it was contracted to be and as it was, (*Wood* v. *Carleton*, 6 N. Y. Supp. 865;) and, under certain circumstances, the rental value of the boat while necessarily delayed, (*Griffin* v. *Colver*, 16 N. Y. 489; *Cassidy* v. *Le Fevre*, 45 N. Y. 562.) Having reference to the general rule on the subject of changing places of trial, the order of the special term was correct, and should be affirmed.