### GIFFORD v. RISING.

*(Supreme Court, General Term, Fifth Department.  January 24, 1891.)*

SUBROGATION—SURETIES IN STAY-BOND.
    When, with the consent of the sureties in a bond given to stay execution on appeal, part of the property levied on is lost, and the residue applied to the judgment, and the balance due is paid by the sureties, they are entitled to subrogation to the extent of the payment by them.

Appeal from special term, Niagara county.

Action by Reuben W. Gifford, as receiver of the property of Chauncey W. Rising, a judgment debtor, against Aretas W. Rising. There was an order subrogating Ely C. Rising and Lodema C. Rising, sureties on the appeal-bond to the extent of $584, and plaintiff appeals. For appeal from judgment, see *ante*, 428.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Henry M. Davis*, for appellant.  *George D. Judson*, for respondent.

. CORLETT, J.  On the 13th day of July, 1889, the appellant recovered judgment against the defendant for nearly $600, besides costs. The defendant appealed from the judgment to this court, and an undertaking was executed to stay execution upon appeal, by Ely C. and Lodema C. Rising as sureties. Before this undertaking was made, execution had been issued upon the judgment, and personal property levied upon to the amount of nearly $600. The judgment was affirmed on appeal, and the whole judgment, when finally entered, was $1,092.33. With the consent of the sureties, $400 of the personal property was lost, and the balance was applied on the judgment. Deducting the loss, and the amount paid, there remained unpaid $584, with interest. The sureties paid the judgment, and applied to be subrogated. The special term granted this application to the extent of the amount paid, less the loss. The plaintiff appealed to this court from the order as made. Ordinarily, sureties, upon the payment of a judgment, are entitled to be subrogated. *Bank* v. *Wood*, 9 N. Y. Supp. 351. No reason is seen why the sureties in the present case should not be subrogated to the extent allowed by the special term. The order appealed from must be affirmed. All concur.