GILBERT *v.* SHORTSVILLE CART CO.

(*Supreme Court, General Term, Fourth Department. July, 1891.*)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where the affidavit filed in support of a motion for a change of venue does not state specifically the grounds relied on to show that the witnesses whose testimony is sought for will testify as detailed in the affidavit, the refusal of the special term to grant the motion will not be disturbed on appeal. *Myers* v. *Village of Lansingburgh*, 8 N. Y. Supp. 92, followed, and *Kleinhans* v. *Whiting*, 11 N. Y. Supp. 619, distinguished.

Appeal from special term, Cortland county.

Action by George S. Gilbert against the Shortsville Cart Company for the alleged conversion of tools used by plaintiff as a mechanic. From an order denying a motion to change the place of trial from Cortland county to Ontario county, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Francis L. Brown*, for appellant. *Franklin Pierce*, for respondent.

HARDIN, P. J. We think the order should be affirmed. In *Carpenter* v. *Insurance Co.*, 31 Hun, 78, a somewhat similar case was under review. In that case the court said: "We certainly are unwilling generally to review the discretion exercised in a motion of this kind, thinking that the discretion of the special term is as good as that of the general term." That case correctly states the rule, which we have frequently followed. In looking into the affidavits, we find the appellant's affidavit does not set forth specifically the grounds relied upon to establish that the witnesses whose testimony is sought will testify as detailed in the affidavit. This circumstance may be considered, among others, in determining the merits of the motion. *Myers* v. *Village of Lansingburgh*, 8 N. Y. Supp. 92. The case in hand differs somewhat from *Kleinhans* v. *Whiting*, 11 N. Y. Supp. 619, in which case "all the matters in issue" arose in the county in which the venue was laid, and hence an order changing the venue from that county to another county was reversed. In the case in hand a demand and refusal took place in the county of Cortland, where the venue was laid, and where it remains under the order appealed from. We are not prepared to say that the discretion of the special term was improperly exercised or took the wrong direction. We therefore affirm its order. Order affirmed, with $10 costs and disbursements.

MARTIN, J. I think the plaintiff's affidavits sufficiently stated the grounds for his belief that the witnesses named therein were material and necessary, and that the special term was justified in denying the plaintiff's motion. I therefore concur in the conclusion of my Brother HARDIN, that the order should be affirmed.

MERWIN, J., concurs.