### NELSON v. NELSON et al.

(Supreme Court, General Term, First Department.   December 16, 1892.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESS.
   Where an action for partition, in which the issue is the validity of a will,
   is not brought in the county where testator died, but it is shown by defend-
   ants, in a motion to change the place of trial to such county, that the will
   was made there, and that the witnesses for the defense, who outnumber those
   plaintiff intends to produce, reside there, it is proper to grant a motion chan-
   ging the trial to such county.

2. SAME—DISCRETION OF COURT.
   Though plaintiff claims that the motion should not have been granted be-
   cause a prejudice exists against him in such county, as plaintiff in the action,
   so that he cannot have a fair trial there, yet the ruling of the court below
   cannot be disturbed unless there has been an evident misuse of discretion.

Appeal from special term, New York county.

Action by John Nelson against Laura Nelson and others for the par-
tition of real property.   From an order changing the place of trial,
plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

G. A. C. Barrett, for appellant.

Frank B. Lown, for respondents.

O'BRIEN, J.   This action was brought by plaintiff, as an heir at
law and next of kin of Homer A. Nelson, deceased, for a partition or
sale of the real estate of which deceased died seised, upon the ground
of the intestacy of the said deceased.   The defendant moved to change
the place of trial from New York to Dutchess county, on the ground of

the convenience of witnesses. By the affidavits it was made to appear that the testator at the time of his death resided in Dutchess county, owned several parcels of land, only one of which was situate in the city of New York, and that all these, by the terms of the will, which, after a contest, was probated, were bequeathed and devised to his wife and sister. In this action the question at issue is the validity of the testator's will, which, it is claimed, is void by reason of the testator's mental incapacity, and a failure to execute the same in conformity to the statute.

It would appear that two contests over. this will have already been had before the surrogate of Dutchess county,—one initiated by Charles Nelson, and subsequently another by the plaintiff, both brothers of the testator,—and that in both these proceedings the contestants were unsuccessful; the former having been finally disposed of by the court of appeals in defendants' favor, and the latter, initiated by this plaintiff, being now pending upon appeal to the general term of the supreme court from the surrogate's refusal to revoke probate of the will. It was also shown that the testator, at the time of his death, and at the time the will was executed, resided in Dutchess county, and that the witnesses required to establish the defense, who outnumbered those the plaintiff intended to produce upon the trial, were also residents of that county. Upon this ground, of the convenience of witnesses, we think that the learned judge correctly disposed of the motion.

It is insisted, however, that, in addition to this ground, the place of trial should not have been changed, for the reason that, as plaintiff claims, there exists a prejudice and a feeling in the community against his position as plaintiff in this action which would render it impossible to have a fair and impartial trial, and therefore, under the discretionary power conferred by the Code, (section 987,) to change the place of trial in order to secure an impartial trial, the convenience of witnesses, or the ends of justice, that the court may send the cause to another county, even though, under the provisions of the statute, it would not be the proper county. We think, however, that the suggestion that an impartial trial cannot be had in Dutchess county is, upon the showing here made, without merit. In this case, as was said in the case of Lane v. Town of Hancock, (Sup.) 9 N. Y. Supp. 97, "unless there has been a plain and evident misuse of such discretion, the decision of the special term must stand." Upon an examination of the facts here presented, we do not think that there was any such misuse, but that the motion to change the place of trial was properly granted. The order appealed from should therefore be affirmed, with costs. All concur.