JAMES J. FITZGERALD and Others, Appellants, *v.* EDGAR M. PAYN and Others, Respondents.

*Decision of a motion on a contested question of fact — not disturbed on appeal — statements in an affidavit as to the residence of a person.*

The decision on a motion at Special Term, of a disputed question of fact involved therein on conflicting evidence, will not be disturbed by the appellate court.

A statement in the affidavits used in opposition to a motion to change the place of trial of an action, that the plaintiffs after making a specified contract moved to Coxsackie, closed up their business in Hudson, changed their address, transacted their business in Coxsackie, etc., does not show that they did not continue to reside at Hudson, and an allegation therein that the plaintiffs lived in Coxsackie, occupying a dwelling house there, and cultivated a farm of forty-five acres in said town, may be true, and yet the place of residence of the plaintiffs may never have been changed to Coxsackie.

APPEAL by the plaintiffs, James J. Fitzgerald and others, from an order of the Supreme Court, made at the Albany Special Term on the 13th day of January, 1894, and entered in the office of the clerk of the county of Greene, changing the place of trial of the action.

*James J. Fitzgerald,* for the appellants.

*Worthington Frothingham,* for the respondents.

PUTNAM, J.:

It was held by this General Term in *Lane* v. *Town of Hancock* (29 N. Y. St. Repr. 635) that on a motion to change the place of trial for the convenience of witnesses the decision of the Special Term on a question of fact presented by conflicting affidavits should not be ordinarily interfered with by the General Term. In *Henderson* v. *Jackson* (2 Sweeney, 603) it was also held that the decision of a motion by a Special Term on conflicting evidence will not be disturbed by the appellate court on a disputed fact involved therein. In this case a question of fact was presented to the Special Term as to whether two of the plaintiffs resided in the city of Hudson or in the county of Greene ; that said defendants had shortly before the commencement of the action resided in Hudson was conceded. But the plaintiffs claim that before the commencement of the action and in 1892 they had removed from the city of Hudson to Greene county.

The affidavits of the plaintiffs are not satisfactory to me. What is meant by stating therein that the said two defendants are residents of the county of Greene "according to the well-known construction of section 984 of the Code of Civil Procedure," I am unable to determine. The statements in the affidavits read by plaintiffs that said "*firm* after the making of the contract moved to Coxsackie," closed up their business in Hudson, changed their address, transacted their business in Coxsackie, etc., do not show that the members did not continue to reside at Hudson. The allegation in said affidavits that the defendants Michael and John lived in Coxsackie, occupying a dwelling house there, and cultivated a farm of forty-five acres in said town, may all be true, and yet the place of residence of said defendants, may have never been changed from Hudson.

It will be observed that the plaintiffs do not contradict the allegation in the moving affidavit that in November, 1893, long after they claim to have changed their residence, they caused themselves to be registered at Hudson and voted there. This allegation, not being denied, must be assumed to be true. If, in fact, said defendants immediately before the commencement of the action and in November, 1893, a long time after they claimed to have changed their residences, actually voted in the city of Hudson, it may be doubted

whether they could be considered as residents of Greene county, "according to the well-known construction of section 984 of the Code of Civil Procedure," or in any other view.

Without, however, discussing the affidavits, I think that a fair question was presented to the Special Term for its decision on conflicting affidavits, and that its holding should not be disturbed by us under doctrines established by the authorities above cited and kindred cases.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order affirmed, with ten dollars costs, and printing and other disbursements.