SARAH A. TYLER, Plaintiff, v. TIMOTHY P. HILDRETH and Another, Appellants, Impleaded with ALFRED G. PECK and Others, Respondents.

*Judgment against a principal and surety — subrogation of the surety upon its payment by him — decision of a motion upon conflicting affidavits, not disturbed on appeal — relief to the surety by motion or action discretionary with the court — costs of motion.*

A surety, on the payment of a judgment, on which he, together with the principal, is liable, is entitled to be subrogated to the rights of the judgment creditor, and can compel an assignment of the judgment to himself or to some one named by him.

The decision of a motion made upon conflicting affidavits at a Special Term will not be disturbed by the appellate court, where a disputed question of fact is involved therein.

It is discretionary with the Special Term whether to entertain a motion made by a surety to compel the assignment to him of a judgment which he has been compelled to pay, or to decline to hear it, and to compel the surety to resort to an action to obtain the relief asked for, and where the motion is opposed, the imposition of costs is in the discretion of the Special Term.

It has long been a common, and not an improper procedure, for a surety to apply to the court by motion to compel the assignment of securities which he has been compelled to pay, and when the moving papers upon such an application show an offer by, and the readiness of, the surety to pay a judgment recovered against him and his principal on obtaining an assignment thereof, it is within the discretion of the Special Term to direct the assignment of the judgment to the surety upon its payment by him.

APPEAL by the defendants, Timothy P. Hildreth and another, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Rens-

selaer on the 27th day of November, 1893, ordering, among other things, an assignment of the judgment recovered in this action to the defendant Alfred G. Peck or his appointee.

The order appealed from contained, among others, the following provisions:

"Ordered, that the said Robert H. Mott, Esq., be, and hereby is, directed, upon payment to him of the amount of the principal sum and interest owing on the judgment obtained in above-entitled action against the defendants, and all the costs of said action, and upon presentation of an assignment thereof, to execute to said Alfred G. Peck, or to such person as he may name and appoint, an assignment of said judgment, and also to deliver to said Peck, or his appointee, the assignment of said judgment made by the plaintiff to one Abner J. Griffin, and the assignment thereof made by the latter to said Mott, provided the same have not been recorded; it is further

"Ordered, that the sheriff of Albany county, upon presentation to him of a certified copy hereof, and proof of the execution and delivery of the assignment of judgment hereby ordered, and the payment to him of his fees earned in execution up to time of service of order staying proceedings thereon, release from the lien of the execution in his hands issued on said judgment, the personal property of Alfred G. Peck, heretofore levied upon by virtue of said execution."

*Chas. F. Doyle*, for the appellants.

*B. E. De Groot*, for Alfred G. Peck, respondent.

PUTNAM, J.:

This is an appeal by the defendant Timothy P. Hildreth, and by Robert H. Mott, from an order directing the latter, as assignee of the judgment obtained in the above action, to assign it to the defendant Alfred G. Peck or his appointee. The notice of motion was directed to Robert H. Mott. On its return the defendant Timothy P. Hildreth appeared and made himself a party to the proceeding.

It is well settled in this State that a surety on the payment of a judgment on which he is liable, together with the principal, is entitled to be subrogated. And he can compel an assignment of the judgment to himself or to some one named by him. (*Town-*

*send* v. *Whitney*, 75 N. Y. 425 ; *Twombly* v. *Cassidy et al.*, 82 id. 155.)

Clearly respondent in this case was entitled to the order obtained at Special Term, if the facts were as set out in his moving papers. But the appellant read several affidavits on the hearing of the motion to the effect, that although respondent on the note in question appeared to be the last indorser, yet it was agreed when the note was made between him and appellant, that they should be equally liable thereon, each liable to pay $500 if the principals of the note failed to pay it. These affidavits were squarely denied by those read on the part of respondent. Hence, a question of fact was presented to the court below on conflicting affidavits, and we cannot properly overrule the decision made thereon by that court. It has been frequently and properly held, that the decision on a motion by a Special Term, on conflicting affidavits, will not be disturbed by the appellate court on a disputed fact involved therein. (*Henderson* v. *Jackson*, 2 Sweeny, 603 ; *Lane* v. *The Town of Hancock*, 29 N. Y. St. Repr. 635.)

It is claimed by appellant that the affidavits read on the motion being conflicting, and raising a sharp contested question of fact, the motion should have been denied and the respondent compelled to seek relief by action. It does not appear that this position was taken at Special Term. As far as the papers show the appellant voluntarily submitted the question raised by the affidavits to the decision of that court. It was discretionary with the court below whether to entertain the motion or to decline to hear it and compel respondent to resort to an action. See *Cole* v. *Malcolm*, 66 N. Y. 363.)

The court below having in its discretion entertained and heard the motion on its merits, under the circumstances, we cannot properly hold that it erred in so doing. It has long been a common, and not deemed an improper procedure, for sureties to apply to the court by motion to compel the assignment of securities which they have been compelled to pay. (*Cole* v. *Malcolm, supra ; Twombly* v. *Cassidy et al., supra ; Gifford* v. *Rising*, 35 N. Y. St. Repr. 849 ; *Dundee Nat. Bank* v. *Wood et al.*, 30 id. 607.)

Had the papers shown that in the court below the appellant, instead of voluntarily submitting his case on the merits, objected to

the proceedings on the ground that the affidavits raised a question of fact which could be determined in an action, we perhaps might have reached a different conclusion.

It is suggested that the respondent was not entitled to the order he obtained until he had actually paid the judgment. We are of opinion, however, that the papers showing the offer by, and the readiness of defendant Peck to pay the judgment on obtaining an assignment thereof, it was within the discretion of the court below to make the order from which the appeal is taken.

The matter of granting costs was also discretionary. It appears by the recitals in the order that appellants Mott and Hildreth appeared by their counsel and opposed the application of respondent. Hence it was discretionary with the court whether or not to direct the payment of costs by them.

The order must be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Order affirmed, with costs.