BENJAMIN N. PAYNE and Others, Appellants, *v.* EUREKA ELECTRIC COMPANY, Respondent.

*Change of venue — county in which the transactions took place, favored — decision of the Special Term, not disturbed upon appeal.*

On a motion made to change the place of trial of an action it is proper for the Special Term to give weight and force to the circumstance that the cause of action arose in the county to which the venue is sought to be changed and that the principal transactions involved in the issue of fact took place in such county.

The exercise of the discretion vested in the Special Term to change the place of trial of an action for the convenience of witnesses will not be disturbed upon appeal unless it clearly appears that such discretion was exercised improperly.

APPEAL by the plaintiffs, Benjamin N. Payne and others, from an order of the Supreme Court, made at the Chemung Circuit and Special Term and entered in the office of the clerk of the county of Chemung on the 31st day of January, 1895, granting the defendant's motion to change the place of trial of the action from the county of Chemung to the county of New York.

Plaintiffs' complaint alleges that on the twenty-ninth day of October they sold and delivered to defendant one vertical engine at the agreed price and value of $270, and that on the 6th day of February, 1883, they sold and delivered to the defendant another vertical engine at the agreed price and of the value of $270, and that this action is brought to recover the purchase price of the two engines, to wit, the sum of $540.

The answer consists of an admission that the defendant is a domestic corporation and that the plaintiff's are co-partners as alleged, and admits the delivery to the defendant of two vertical engines and alleges that they were delivered under a contract with the defendant, wherein it was stipulated that they were not to be paid for until thirty days after the same had been duly delivered, erected and found satisfactory to and accepted by the defendant and by the Southern Pacific Company under the terms and conditions of the contract or agreement between the defendant and the said Southern Pacific Company for the installation by the defendant of an electric light plant on said Southern Pacific Company's steamers. The answer also alleges that neither of the said engines was satisfactory to defendant or to the Southern Pacific Company, and neither of them was accepted by the defendant or the Southern Pacific Company, and avers they were rejected. The answer contains some denials of the allegations of the complaint and also sets up a counterclaim growing out of the circumstance that the defendant entered into a contract with the Southern Pacific Company wherein it agreed to furnish and install the electric light plant on each of ten steamers belonging to the Southern Pacific Company, and that by reason of the failure of the plaintiffs the defendant sustained damages. It is also averred that the defendant performed work, labor and services, and furnished materials in and about the erection, repair and removal of the said engines at the request and for the use and benefit of the

plaintiffs of the value of fifty-six dollars and forty-three cents, and seeks to recover as a counterclaim therefor. Defendant's principal place of business is in the city of New York. In August, 1892, at No. 41 Dey street, the plaintiffs had an office for the transaction of business, and at that date and from that place made the proposal to the defendant, whose principal office was at No. 18 Broadway, to furnish the defendant with vertical automatic engines to be delivered as called for F. O. B., dock New York, and to furnish an engineer to operate each engine for three hours after it was erected; that proposition led to further correspondence and negotiations between the parties and to a contract for the two engines mentioned in the complaint.

*Baldwin & Baldwin,* for the appellants.

*Edwin C. Ward,* for the respondent.

HARDIN, P. J.:

It is very clear from the appeal book that the contract entered into between the parties in respect to the two engines mentioned in the complaint was made in the city of New York, and it is apparent that the principal transactions, which are made the subject of inquiry by the issues of fact joined, occurred in the city of New York.

In *Goodrich* v. *Vanderbilt* (7 How. Pr. 467) it was held that the place of trial of a transitory action should be in the county where the principal transactions between the parties occurred, unless the preponderance of witnesses is so great as to warrant the court to retain the place of the trial in another county.

Rule 48 of the General Rules of Practice authorizes a party who seeks to change the place of trial to state the nature of the controversy and to show how his witnesses are material, and to " show where the cause of action or the defense or both of them arose; " and it then provides that " those facts will be taken into consideration by the court in fixing the place of trial." We think the Special Term properly gave weight and force to the circumstance that the cause of action accrued in the city of New York, and that the principal transactions which are involved in the issue of fact arose in that city and county.

(2) Upon an inspection of the pleadings and the affidavits used at the Special Term we see there was a substantial conflict in respect to the issues of fact presented by the papers to the Special Term, and that the Special Term was called upon to exercise its judgment, as well as its discretion, in determining whether the convenience of witnesses would* be best subserved by a trial in the county of Chemung or in the county of New York. We are not prepared to say that the discretion of the Special Term, upon all the papers produced there, was abused or improperly exercised. It has been held in numerous cases that the discretion, when exercised, will not be disturbed " unless it clearly appears that it was improperly exercised."

In *Gilbert* v. *Shortsville Cart Company* (39 N. Y. St. Repr. 763) this court held that the discretion of the Special Term, granting or refusing a motion, would not be disturbed unless it clearly appears that it was improperly exercised. And in *Reuben* v. *Andorsky* (39 N. Y. St. Repr. 764) we applied the same rule. That rule was also approved in the following cases : *Schmidt* v. *Rochester Lithographic & Printing Co.* (31 N. Y. St. Repr. 258); *Carpenter* v. *Continental Ins. Co.* (31 Hun, 78); *McConihe* v. *Palmer* (76 id. 116); *Cromwell* v. *Romer* (18 Wkly. Dig. 440); *Fitzgerald* v. *Payn* (78 Hun, 38).

In *Lane* v. *Town of Hancock* (29 N. Y. St. Repr. 635) it was said : " Unless there has been a plain and evident misuse of such discretion the decision of the Special Term must stand." That rule was quoted and approved in *Nelson* v. *Nelson* (50 N. Y. St. Repr. 446).

We have carefully looked into the affidavits and attended to the criticisms made thereon by the appellants, and we are of the opinion that, notwithstanding the criticisms made thereon, the Special Term was called upon to exercise its discretion and judgment in respect to the convenience of witnesses, and that the result reached at the Special Term does not indicate any impropriety in the action of the Special Term or any abuse of its discretion ; we, therefore, should affirm its order.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.