## SUPREME COURT.

### JORDAN agt. GARRISON.

The place of trial of a transitory action should be in the county where the principal transactions between the parties occurred, and where it appears the largest number of the witnesses, who know any thing of the facts reside. A majority of witnesses should not necessarily control.

An affidavit of merits (to change the place of trial) which states that the party has fully and fairly stated "*the facts of this case*" to his counsel, held sufficient; and equivalent to the statement that he has fully and fairly stated "the case" to his counsel as required by Rule 39.

*Albany Special Term, March* 1851. *Motion to change the place of trial from Ulster to Orleans.* The action is brought to recover for the wood work of six wagons alleged to have been sold and delivered by one Schoonmaker to the defendant, at the price of $23 each. On the 20th of December 1850, Schoonmaker assigned the demand to the plaintiff. The defendant states, in his affidavit, that having himself removed from Ulster county to Orleans, he requested Schoonmaker to make and send, or bring to him, the wood work of a wagon, which he did, in the year 1847, and for which he paid him $23; that at the same time, he brought with him the wood work of five other wagons, to sell on his own account; that being unable, after remaining about two weeks, to sell them, he left them with the defendant, with authority to sell them for him; that he did sell as many as he could, and accounted with Schoonmaker for the proceeds, and the remainder he deposited in a safe place, subject to the order of Schoonmaker, and informed him thereof; that at the time of the transfer of the demand, Schoonmaker was indebted to the defendant to the amount of $111·90, for cash, storage, drawing lumber, building hen coops and drawing them to Holley, board, lumber, cash paid for freight, a pair of boots, cash lent, 26 barrels of apples, and for work, labor and services by the defendant and his team. The defendant then names 16 witnesses residing in Orleans, where all these transactions occurred, and states specifically, the point of defence which he expects to establish by each witness.

Jordan agt. Garrison.

In swearing to merits, he states that " he has fully and fairly stated *the facts in this case* to Horace J. Thomas," &c. and that he has a good and substantial defence on the merits, &c.

The plaintiff in an affidavit, drawn in the usual form, swears to 18 witnesses residing in Ulster and then states that he expects to prove by Schoonmaker, one of the witnesses, the sale of the demand to the plaintiff, and the sale of the property to the defendant; and further, all the facts in issue. That he expects to prove by *six* other witnesses the value of the wood work of the wagons; by *nine* others, acknowledgements of the defendant, made at various times, that the work had been sold to him, and his promises to pay therefor; and by *one* other witness the hand-writing of the defendant to certain letters written by the defendant to Schoonmaker on the subject of the property.

T. R. WESTBROOK, *for Plaintiff.*

S. H. HAMMOND, *for Defendant.*

HARRIS, Justice.——It is obvious from the mere statement of the facts set forth in the affidavits read upon this motion, that the cause should be tried in Orleans. The transactions between the parties all occurred there, and there all the witnesses who appear to have any knowledge of those transactions, with the exception of Schoonmaker himself, reside. Although the plaintiff has sworn to a greater number of witnesses in Ulster than the defendant has named in Orleans, yet I am not satisfied that the plaintiff will, in fact, have occasion to call, upon the trial, any of those named by him, except Schoonmaker. He being himself a party to all the transactions, is, of course, cognizant of all the facts. The plaintiff, accordingly swears that he expects to prove by him all the facts in issue in the suit. On the contrary, although the amount in controversy is not large, I can not see why the defendant will not be obliged to call the greater part, if not all the witnesses named in his affidavit. It is worthy of notice, too, that the plaintiff, although he had the opportunity, has not denied or explained any of the statements in the defendant's affidavit. Upon the merits, therefore, I am clearly of opinion that the defendant is entitled to prevail upon this motion.

Jordan agt. Garrison.

But a point has been made upon the sufficiency of the defendant's affidavit of merits. The 39th rule of this court requires that the party who makes an affidavit of this description, in addition to what had usually been inserted, shall swear that " he has fully and fairly stated *the case* to his counsel." Here, the affidavit states that the defendant has fully and fairly stated " *the facts of this case* " to his counsel. It is insisted that this departure from the terms of the rule is fatal to the sufficiency of the affidavit.

It is true, that a compliance with the requirements has been enforced with great strictness. Although, since the adoption of the 48th rule, which has had the effect to change very essentially the character of the affidavits used upon such motions, and since the court has come to be governed more by the nature of the controversy, and the facts to be established by the witnesses, than the number sworn to by the parties, a rigid adherence to a particular form in swearing to merits may not be so important as before, yet I am not aware that the rule has been, and, perhaps, it ought not to be, relaxed. But I do not think the rule has ever been construed so strictly as to condemn an affidavit made in the terms of that now under notice. The cases relied upon by the plaintiff's counsel are Cary vs. Livermore (2 *How.* 170), Bleecker vs. Storms (*id.* 161), Fitzhugh vs. Truax (1 *Hill,* 644), Richmond vs. Cowles (2 *Hill,* 359), Britain vs. Peabody (4 *Hill,* 61), and reporter's note at page 64. But I do not think any of these authorities sustain the objection to the affidavit. In the case first cited, there was an entire omission of the allegation that the party had fully and fairly stated the case to his counsel. In the other case cited from Howard, the party had sworn that he had stated *the case in the cause* to his counsel, but had omitted to state that the case had been *fully and fairly stated.* In Fitzhugh vs. Truax, an affidavit that the party had stated the facts of *his* case to counsel was held to be insufficient. This decision seems to be in conflict with that in Brownell vs. Marsh (22 *Wend.* 636), where it was held that an affidavit that the party had fully and fairly stated *this case,* or *his case,* to counsel, was a sufficient

compliance with the rule. In Richmond vs. Cowles, the defect in the affidavit was, that it only stated that the party had fully and fairly stated *his defence* to counsel. The same defect was held to be fatal in Rickards vs. Swetzer (3 *How.* 413). In Brittan vs. Peabody, the defect was in merely swearing that the party *believed the advice* of his counsel that he had merits. In all these cases there was a substantial departure from the requirement of the rule. But it has never been held that the affidavit must be made in the very words in which the rule is expressed. In Brownell vs. Marsh, BRONSON, J., said that " an affidavit that a party had fully and fairly stated *this case,* or *his case* to counsel, fairly implies that he has stated *the whole case.*" So here, the affidavit that he has fully and fairly stated *the facts in this case,* fairly implies that the party has stated *all the facts* which make *the whole case.* In Rickards vs. Swetzer, above cited, Mr. Justice GRIDLEY refers to the expressions, " the case," and " the facts of the case," as importing the same thing, and as equally sufficient. I confess my own discrimination is not sufficiently acute, to enable me to discover any difference in the meaning of the two expressions. To state *the case,* the party must necessarily state the *facts of the case,* and in stating the *facts of the case,* he necessarily states the case.

The motion must, therefore, be granted, with ten dollars costs to the party finally successful in the action.