## HERBERT v. GRIFFITH.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

CHANGE OF VENUE—FOR CONVENIENCE OF WITNESSES.

It is error to deny a motion for change of venue to a certain county for convenience of witnesses, as provided by Code Civ. Proc. § 987, where the moving papers show that the case made by defendant is sufficient to require such change, though neither party resides, and the cause of action did not arise, in such county.

Appeal from special term, New York county.

Action by James J. Herbert against Effie J. Griffith for malicious prosecution. From an order denying her motion to change the place of trial on the ground of convenience of witnesses, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Arthur H. Smith, for appellant.

RUMSEY, J.   The action was brought for malicious prosecution, the place of trial named in the summons being the county of New York, in which county it appears that the plaintiff resided.   After answer, the defendant moved to change the place of trial to the county of Albany.   Upon the argument, the affidavits of the defendant only were read, and no papers were presented on the part of the plaintiff. The court denied the motion to change the place of trial to the county of Albany, but with leave to the defendant, upon new motion papers, to move to change the place of trial to the county of Rensselaer. The precise grounds upon which this order was made do not appear, but it may fairly be inferred from the terms of the order that it was made because neither of the parties resided in the county of Albany.

An examination of the moving papers shows that the case made by the defendant was sufficient to require the court to change the place of trial, and, where that state of affairs appears, an order refusing to change the place of trial will be reversed, and the defendant will be given the relief to which his papers entitle him.   The Code of Civil Procedure prescribes in what counties civil actions must be tried.   Actions of a certain kind must be tried in the county where the cause of action arose or where the subject of the action is situated.   Code Civ. Proc. §§ 982, 983.   Every other action must be tried in the county in which one of the parties resided at the commencement of it.   Code Civ. Proc. § 984.   But all these provisions are subject to the right which, by section 987 of the Code of Civil Procedure, is given to the court, in a proper case, to change the place of trial for the convenience of the witnesses.   Where an application is made to the court to change the place of trial on that ground, the county to be selected for the trial of the action is the one in which the convenience of the witnesses will be best subserved, although that county may not be one of those in which the action must be tried, pursuant to the sections of the Code to which attention has been called above.   The rule is well settled that, for the convenience of witnesses, the court may order the place of trial of a transitory action, at least, to be changed to a county other than that in which either of the parties resides.   Such has always been the law of this state and the procedure of the courts, and it has never been supposed that the provisions of either the Code of Procedure, or the Code of Civil Procedure, which succeeded it, specifying the counties in which actions must be tried, had any effect upon the power of the court to direct that the actions should be tried in another county than one of those specified, when it was made to appear that the convenience of witnesses required such action to be taken.   Flood v. Morris, 3 Law Bull. 100; Gorman v. Iron Co., 32 Hun, 71.   It is quite apparent, from the papers in this case, that the convenience of witnesses and the ends of justice will be promoted by changing the place of trial from the county of New York to the county of Albany, and that the court erred in denying the motion.

The order appealed from must be reversed, with $10 costs and disbursements, to be paid by the plaintiff, and the motion to change the place of trial from the county of New York to the county of Albany granted, with $10 costs to abide the event.   All concur.