### HAUSMANN v. MOORE et al.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where it is doubtful in which county convenience of witnesses requires that a transitory action should be tried, it should be tried in the county where the cause of action arose.

Appeal from special term, Erie county.

Action by Lincoln Hausmann against Samuel J. Moore and the Carter-Crume Company, impleaded with Harry G. McConnaughy. From an order denying a motion to change the place of trial from the county of Erie to the county of Niagara, for the convenience of witnesses, defendant Harry G. McConnaughy appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Morris Cohn, Jr., for appellant.
Norris Morey, for respondent.

FOLLETT, J. This action was begun September 18, 1895, by a shareholder in the Hausmann Art-Metal Company, a corporation organized March 22, 1893, under the laws of this state, and having its principal place of business in Niagara county, to recover $200,000 damages for the alleged fraudulent mismanagement of the affairs of the corporation by the defendants Samuel J. Moore and Harry G. McConnaughy. It is alleged that the Carter-Crume Company, a corporation organized under the laws of the state of West Virginia, having its principal place of business in Niagara county, of which Moore was a director, wrongfully received, through the frauds of the individual defendants, a large part of the assets of the Hausmann Art-Metal Company, and it is joined as a defendant. The defendants Samuel J. Moore and Carter-Crume Company have answered separately. The defendant Harry G. McConnaughy has not been served, nor has he appeared in the action. In the affidavits upon which the motion was made, it is averred that eight necessary and material witnesses reside in the county of Niagara, besides the county clerk of that county, whom, or his deputy, it will be necessary to call on the trial,—nine in all. The plaintiff, in his affidavit on which he resisted the motion, swears that 14 necessary and material witnesses reside in the county of Erie, although he does not make the necessity of calling several of them clear. The defendants, in the affidavits on which they moved, swear that the business of the two corporations was transacted in the county of Niagara, and that all of the transactions out of which this action arose occurred in that county. It is also averred that the plaintiff, during the time of the transactions, and until April 4, 1894, was a resident of that county, where he was engaged in conducting the business of the Hausmann Art-Metal Company. The plaintiff, in his affidavit, verified February 17, 1896, stated that he had resided in the city of Buffalo for the last two years, or since February 17, 1894. The plaintiff does not deny that the business of the two corporations was conducted in the county of Niagara, that all of the transactions out of which the action arose occurred in that county, and that he, during the time, was a resident of that county. It appears that the number of material witnesses required by each side is about the same, and that they will not be greatly inconvenienced by attending the trial of this action in either county. When it is doubtful in which county a transitory action should be tried, for the convenience of witnesses, the trial should be had in the county where the cause of action arose. Jordan v. Garrison, 6 How. Prac. 6; Goodrich v. Vanderbilt, 7 How. Prac. 467. If the venue of a transitory action is laid in the county of the plaintiff's residence, the court, upon defendant's motion, may change the place of trial, for the convenience of witnesses, to a county other than the one in which the defendant resides. The rule in this respect established under the old Code has not been changed by sections 984 and 987 of the Code of Civil Procedure. 3 Law Bull. 100; Gorman v. Iron Co., 32 Hun, 71; Herbert v. Griffith,

2 App. Div. 566, 37 N. Y. Supp. 1098. The cause of action in this case arose in the county of Niagara, where the offices of the two corporations, the transactions of which must necessarily be investigated, are situated, and under the circumstances the trial should be had in that county.

The order denying the motion is reversed, with $10 costs and disbursements, and the motion is granted, with $10 costs and disbursements. All concur, except WARD, J., dissenting.

