PAUL SNYDER, Respondent, v. JOHN MACK and Others, Appellants.

*Venue — action against brokers to recover margins upon fictitious transactions — venue changed to the county in which the transactions took place and the books of account were.*

In an action to recover money deposited with the defendants as margins for the purchase and sale of stocks and grain for future delivery, in which the complaint alleges that the defendants were engaged in the business ostensibly of brokers, in the city of Albany, under a corporate name, and that the transactions reported by the defendants to the plaintiff never took place, but were mere bets or wagers, the court considered, on a motion to change the venue from the county of Fulton to the county of Albany, that, as the main issue was whether or not the orders given by the plaintiff were executed, and the witnesses upon that subject were mainly, if not entirely, in the county of Albany, and the books and papers of the corporation were also there and might be material upon the trial of this issue, the venue should be changed to that county.

APPEAL by the defendants, John Mack and others, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Fulton on the 4th day of September, 1898, denying the defendants' motion to change the venue of the action from the county of Fulton to the county of Albany.

The action is brought to recover moneys deposited by the plaintiff as margins in connection with orders given by the plaintiff to the defendants for the purchase and sale of stocks and grain for future delivery, it being alleged in the complaint that the defendants were engaged in the business ostensibly of brokers in buying and selling stocks, grain, etc., on margins, in the city of Albany, N. Y., under the corporate name and style of and representing and holding themselves out to the public to be officers and members of " The Municipal Telegraph and Stock Company," and that the transactions reported by the defendants to the plaintiff never took place and that such transactions were mere bets or wagers.

*John A. Delehanty,* for the appellants, John Mack and others.

*James J. Farren,* for the appellant, John F. Calder.

*Dewitt C. Moore,* for the respondent.

PER CURIAM:

Upon the papers before us it is quite clear that the main issue upon the facts is whether or not the orders given by the plaintiff were executed. The witnesses upon that subject are mainly, if not entirely, in the county of Albany. The books and papers of the corporation are also there and they may be material upon the subject referred to. It seems to us that the convenience of witnesses requires the trial to be in Albany county, and, therefore, the motion of the defendant should have been granted.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event.