HEDGES v. BEMIS.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where the cause of action has arisen in another county, and the convenience of witnesses will be promoted by a change of venue to that county, defendant is entitled to a removal thereto, regardless of the inconvenience resulting to plaintiff therefrom.

Appeal from special term, New York county.

Action by Edward S. Hedges against Edward H. Bemis. From an order denying a motion to change the place of trial to Warren county, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

E. Cowen, for appellant.

W. G. Brown, for respondent.

VAN BRUNT, P. J. Upon an examination of the affidavits that were presented to the court upon the hearing of this motion, it is apparent that many of the witnesses who have been sworn to as being necessary upon the part of the plaintiff can never be examined upon the trial; and it would seem, as far as the materiality of witnesses is concerned, that the defendant had established a greater number of witnesses; and that, as far as the convenience of witnesses is concerned, a change of venue should be ordered. But it is urged that the ends of justice will not be promoted by such change of venue, because of the inconvenience which it will cause the plaintiff; that he will be unable to defray the expenses of the trial in Warren county, and is too infirm to travel so far. The evidence in regard to the poverty of the plaintiff is somewhat unsatisfactory, as, also, is that respecting his inability to go to Warren county upon the trial of this case. But, where the cause of action has arisen in another county, and the convenience of the witnesses will be promoted by a change of venue to that county, we are not aware of any rule which will permit the inconvenience to the plaintiff to prevent its removal to the proper county. We think, therefore, that, the cause of action having arisen in Warren county, in view of the condition of the evidence in regard to the witnesses, the motion should have been granted.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event. All concur.