EDWARD S. HEDGES, Respondent, *v.* EDWARD H. BEMIS, Appellant.

*Change of venue for the convenience of witnesses — personal inconvenience to the plaintiff will not defeat it.*

Where a change of the venue of an action to the county where the cause of action arose will promote the convenience of witnesses, the fact that such change will involve inconvenience to the plaintiff will not operate to prevent it.

APPEAL by the defendant, Edward H. Bemis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of December, 1898, denying the defendant's motion to change the place of trial of the action from the county to New York to the county of Warren for the convenience of witnesses.

*Esek Cowen,* for the appellant.

*William G. Brown,* for the respondent.

VAN BRUNT, P. J.:

Upon an examination of the affidavits that were presented to the court upon the hearing of this motion, it is apparent that many of the witnesses who have been sworn to as being necessary upon the part of the plaintiff can never be examined upon the trial; and that the defendant will examine a greater number of witnesses, whose convenience will be consulted by a change of venue.

But it is urged that the ends of justice will not be promoted by such change of venue because of the inconvenience which it will cause the plaintiff; that he will be unable to defray the expenses of the trial in Warren county and is too infirm to travel so far.

The evidence in regard to the poverty of the plaintiff is somewhat unsatisfactory, as also is that respecting his inability to go to Warren county upon the trial of this case. But where the cause of action has arisen in another county, and the convenience of the witnesses will be promoted by a change of venue to that county, we are not aware of any rule which will permit the inconvenience to the plaintiff to prevent its removal to the proper county.

We think, therefore, that the cause of action having arisen in Warren county, in view of the condition of the evidence in regard to the witnesses, the motion should have been granted.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to abide the event.

BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event.