(39 App. Div. 413.)

OSTERHOUT v. RABE et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

CHANGE OF VENUE.
    A change of venue will be granted to the county where the chief disputed events happened, where the convenience of witnesses is equally balanced.

Appeal from special term, Erie county.

Action by Richard C. Osterhout against Rudolph F. Rabe and the Second National Bank of Hoboken, N. J. From an order denying the motion of defendants to change the place of trial, defendants appeal. Reversed.

The plaintiff claims to be the owner of a chattel mortgage executed by August Hammersen to John B. Manning, dated November 11, 1893, and filed and recorded in the clerk's office of Hudson county, N. J., where the property was; that this chattel mortgage was assigned to the plaintiff December 24, 1894, which assignment was never filed or recorded. It is further alleged in the complaint that the chattel mortgage was assigned by Manning to the defendant Rabe, who was his confidential attorney, "for the purpose of enabling said Rudolph F. Rabe, as he advised, to follow out certain plans for the protection of the interests of said John B. Manning"; that Rabe was president of the defendant bank, and assigned said chattel mortgage to said bank to secure a certain indebtedness held by said bank against said Manning, which said assignment was made without the knowledge, approval, or authority of said John B. Manning; that, on the 11th day of November, 1897, the defendant bank, in pursuance of said assignment, took possession of the property covered by said chattel mortgage, and sold the same at public auction, appropriating the avails thereof, and applying them upon said indebtedness; that the value of said property is $14,500. The defendants, while admitting the execution of the chattel mortgage, claim that it was an absolute assignment, delivered to Rabe, as president of the bank, as collateral security to an indebtedness held by the bank against Manning.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Elbridge L. Adams, for appellants.
Adelbert Moot, for respondent.

SPRING, J. The plaintiff claims to be the assignee of the chattel mortgage given by one Hammersen to John B. Manning, and a copy of which instrument forms a part of the complaint. The contention

of the plaintiff is that the defendant Rabe, who was an attorney at law and the confidential adviser of Manning, prepared an assignment of the chattel mortgage for Manning, and retained possession of the same, to be used for the benefit, and to protect the interests, of Manning,—precisely in what manner is not disclosed in the papers on this motion. It is further claimed that Rabe "attempted to complete the execution of said instrument, and delivered the same to the defendant" bank, to which Manning was indebted, without the approval or knowledge of Manning; that thereafter the bank took possession of the major part of the property included in the chattel mortgage, and sold the same, appropriating the avails of the sale, The defendants, in separate answers, denied the transaction with Rabe as set forth in the complaint, and alleged an actual assignment to the bank, to secure an indebtedness of over $20,000, and that, upon the failure of Manning to pay at maturity, the mortgage was foreclosed, and that the moneys arising from the sale were applied towards the payment of this indebtedness; that Rabe was the president of the defendant bank, and was simply acting in his official capacity in accepting the chattel mortgage for its benefit.

It is quite evident that the real controversy between the parties hinges upon the transaction with Rabe. If the assignment of the chattel mortgage was prepared by him as the confidential attorney of Manning, for a specific purpose, and then, in violation of the instructions of his client, he delivered it to the bank, that institution acquired no title to the instrument, or to the property covered thereby. If, however, there was an absolute assignment to the bank, as collateral security for the conceded indebtedness of Manning to it, then the delivery of the mortgage to the bank was simply the consummation of the arrangement with Rabe, and the right to sell the property by virtue of the chattel mortgage was, of course, in the bank. The moving papers on behalf of the defendants show that Seeman, Faerber, and Schaefer, all residents of New York, and Keeler and Stoll, residents of Brooklyn, are necessary and material witnesses. In this calculation I ignore the nonresident witnesses, although in a county of New Jersey adjacent to New York county, and also leave out of the computation Fromme and Hammersen, who have respectively made affidavits that they will not testify as asserted by Rabe. In the plaintiff's list of material witnesses the three Mannings make the sum total. The proposed testimony of Kennedy and Walker is incompetent, as in each instance the original document controls the fact to which the witness is expected to testify. So it might be fairly said that there is no marked difference between the parties in the number of necessary witnesses. It is in close cases of this kind that the rule that the place of the transaction will be controlling is especially pertinent. Hausmann v. Moore, 7 App. Div. 459, 39 N. Y. Supp. 1089; Kubiac v. Clement, 35 App. Div. 186, 54 N. Y. Supp. 773; Adriance, Platt & Co. v. Coon, 15 App. Div. 92, 44 N. Y. Supp. 288. Either this rule must, in effect, be abrogated entirely, or weight given to it in transitory actions, where there is an even balance in the number of necessary witnesses. In this case, it is conceded, the transaction with Rabe occurred in the city of New York. It is also apparent that the pith of this lawsuit

is that transaction. A better illustration for giving effect to the rule that the trial should take place where the cause of action originated cannot be conceived, than is developed by the affidavits on this motion. The principle invoked by the counsel for the respondent, that the trial of an action will not be transferred from a rural county to the city of New York, where the calendars are congested, is hardly applicable to a motion to change from Erie county to New York. In any event, that principle is overborne by the obvious trend of the more recent authorities, to locate the place of trial in the county where the chief disputed events happened.

The order of the special term is reversed, with $10 costs and disbursements, and the motion to change the place of trial to New York county is granted, with $10 costs, to abide the event of the action. All concur, except ADAMS. J., not voting.