THOMPSON et al. v. MacKINNON.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.

1. VENUE—MOTION FOR CHANGE—RESETTLEMENT OF ORDER.

On motion by defendant to change the venue in an action for goods sold and delivered to another, affidavits were used by plaintiff showing the need of several witnesses residing in the county where the action was laid to establish the sale and delivery in the county of defendant's residence. On presentation of the affidavits, defendant filed, by consent of court, a written stipulation which would obviate the need of such proof. No mention of it was made in the order denying the motion to change the venue. *Held*, that defendant was entitled, on motion, to a resettlement of the order so as to recite the stipulation.

2. SAME.

The only question was whether the transaction between the party to whom the goods were sold and defendant created a liability from defendant to plaintiff. All the facts bearing on the transaction had their situs in the county of defendant's residence, where the goods were delivered. *Held*, that a motion by defendant to change the venue to the county of his residence was improperly refused.

Appeal from special term, Rensselaer county.

Action by John I. Thompson and others against Robert MacKinnon. From an order denying a motion to resettle an order, and from the order denying a motion to change venue in which the motion was made, defendant appeals. Order to resettle granted, and order refusing change of venue reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

H. A. De Coster (A. M. Mills, of counsel), for appellant.
Henry J. Speck, for respondents.

KELLOGG, J. The motion to resettle the order should have been granted. On the hearing of the motion to change the venue affidavits were used showing on the part of plaintiffs the need of several witnesses residing in the county where the action was laid to establish the sale and actual delivery of the merchandise mentioned in the complaint to one Cardwell, at Little Falls, in Herkimer county. On presentation of such affidavits the defendant offered to prepare and serve a written stipulation which would obviate the need of such proof, and four days was given to defendant's counsel in which to do so. The stipulation was, within the time given, served and filed, but no mention is made of it in the order denying the motion to change the place of trial. This stipulation is a very important paper, and should have been taken into consideration in the disposition of that motion. It may have been. If it was, it should have been entered with the affidavits, and recited in the order, so that the record might be clear and perfected. There is no denial of the facts stated in the affidavit upon which the motion to resettle was based. These facts must be taken as true, and these clearly entitle the mover to a resettlement. The order being so resettled, we have the whole case before us on the appeal from the order denying the motion to change the venue from the county of Rensselaer to the county of Herkimer. From this record it appears that the plaintiffs dealt directly with one Cardwell, a druggist in Little Falls. That they gave him credit; sold, billed, charged, and shipped to him the merchandise mentioned in the complaint. That, Cardwell proving to be insolvent, and plaintiffs having subsequently discovered that, because of some dealings between Cardwell and this defendant, they might establish their claim against him as the real debtor, he is made defendant. No other question is in the case other than the one question did the transaction between Cardwell and this defendant create a liability on defendant's part to these plaintiffs? All the facts relating to and surrounding the transaction between Cardwell and the defendant have their situs in Little Falls, Herkimer county. There are no witnesses on this sole issue in Rensselaer county. We cannot say that there are none in Herkimer county. If it becomes permissible to prove on the trial any extrinsic fact,—any fact not embraced in the writings executed by the parties, any fact which may properly be proven in explanation of the writings or the practical interpretation of the writings by subsequent acts,—it is obvious that witnesses of such facts must be looked for in Little Falls. It is impossible on such a motion to say that no such witnesses will be required, or will be permitted to testify. In such a case the situs of the transaction ought to be the situs of the trial. Since everything else has been eliminated by the stipulation, and such was the state of the case when the motion to change the venue was made, it was error to refuse a change.

The order to resettle should be granted, with $10 costs of this appeal, and the order refusing the change of venue should be reversed, with $10 costs and disbursements on this appeal, and the order granted, with $10 costs to abide the event. All concur.