practices he cannot and could not in law claim any immunity by reason of his alleged discharge in bankruptcy. We think the verdict of the jury is well supported by the evidence, and that no errors were committed upon the trial to the prejudice of the defendant; and, holding these views, we think the judgment and order appealed from should be affirmed, with costs. Judgment affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.

COLUMBIA MUT. BUILDING & LOAN ASS'N OF NEW YORK, Respondent, v. MITTNACHT, Appellant, et al. (Supreme Court, Appellate Division, Second Department. October 23, 1901.) Action by Columbia Mutual Building & Loan Association of New York against Jacob A. Mittnacht, as substituted trustee, etc., impleaded with William T. Brown. No opinion. Order settled and signed. See 70 N. Y. Supp. 1098.

CONGDON, Respondent, v. WESTCOTT EXP. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by Merritt J. Congdon against the Westcott Express Company.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide event, upon the authority of Osterhout v. Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336. Plaintiff to have the right to exercise the option specified in the order appealed from. Form of order to be settled by and before Mr. Justice SPRING, upon two days' notice. All concur, except McLENNAN and HISCOCK, JJ., who dissent.

CONGDON, Respondent, v. WESTCOTT EXP. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by S. Grace Congdon against the Westcott Express Company.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide event, upon the authority of Osterhout v. Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336. Plaintiff to have the right to exercise the option specified in the order appealed from. Form of order to be settled by and before Mr. Justice SPRING, upon two days' notice. All concur, except McLENNAN and HISCOCK, JJ., who dissent.

COOK, Respondent, v. WHITE et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Sarah Cook against Joseph White and others. No opinion. Order affirmed, with $10 costs and disbursements.

COOMBS, Respondent, v. CITY OF MT. VERNON, Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Thomas S. Coombs against the city of Mt. Vernon. No opinion. Judgment and order unanimously affirmed, on authority of Archer v. City of Mt. Vernon, 63 App. Div. 286, 71 N. Y. Supp. 571, with costs.

COOPER, Respondent, v. FISKE et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Henry H. Cooper against Robert T. P. Fiske and Stewart Brown. No opinion. Judgment and order affirmed, with costs.

COPPOLA, Respondent, v. GROSS, City Marshal, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Jennie Coppola against Max Gross, as one of the marshals of the city of New York. H. J. Hindes, for appellant. J. Palmieri, for respondent.

PER CURIAM. Where the evidence is conflicting, this court declines to interfere with the jury's verdict. There seems, however, to have been immaterial evidence admitted at the trial, under objection, which may well have affected the minds of the jury. The issues presented were title to merchandise and its market value at time levied upon by defendant, and the extent of the levy. Under these issues, the testimony of the plaintiff as to her father's business, and the cross-examination of the witness Borschardt relating to the stock and affairs of a tea company, seem to have been proof entirely irrelevant and incompetent. This may well have prejudiced the defendant's rights, and its admission furnished ground for reversal. Judgment (68 N. Y. Supp. 942) reversed, and new trial ordered, with costs to abide event.

CORBETT, Appellant, v. ST. VINCENT'S INDUSTRIAL SCHOOL OF UTICA, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by James Corbett, infant, etc., against St. Vincent's Industrial School of Utica. No opinion. Order affirmed, with $10 costs and disbursements.

RUMSEY, J., not sitting.

CRAIG, Appellant, v. ROBERTSON, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Alida B. Craig against Mary Robertson. McElheny & Bennett, for appellant. James E. Smith, for respondent.

PER CURIAM. While the conflicting testimony may render the disallowance of compensation from August 20th to the date of actual employment on September 8th correct, the judgment given is manifestly erroneous for these reasons: There is an admission that the sum of $17.85 is due the plaintiff for services rendered, and there was no legal tender of that sum by payment into court. Had there been, it would be insufficient, because the plaintiff at the second trial was entitled, in addition to the costs on her successful appeal, with disbursements and the costs paid below on the first trial. Judgment reversed, and new trial ordered, with costs to abide event.

CSATLOS v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by William Csatlos against the Metropolitan Street Railway Company. No opinion. Mo-