is a direct authority that where in a copartnership agreement no time is named for its continuance, and no provision made for the division of the property, it was proper to appoint a receiver. I do not understand that section 1947 of the Code of Civil Procedure has in any way abridged the power of the court to appoint a receiver where a trial has been had. As the concern is solvent, as I have several times stated to counsel, it would be most agreeable to the court if the parties would agree upon a proper person to act as receiver in the meantime; and although, from the differences between the parties, it is apparent to me that such an appointment is necessary, I shall give them a further opportunity to come to such an agreement, or to submit, in case they cannot agree, the names of persons familiar with the business from whom a proper selection can be made.

An interlocutory decree will be entered directing an accounting between the parties, the appointment of a referee for that purpose, the appointment of a receiver in the meantime, and that upon the coming in of the report of the referee the partnership property be sold, and the rights of the parties finally adjusted. Draw decision and judgment accordingly, and settle on three days' notice.

Judgment accordingly.

(67 App. Div. 341.)

### BALLSTON REFRIGERATING & STORAGE CO. v. DEFOE.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES — AFFIDAVIT — CONTENTS.

A party asking for a change of venue for the convenience of witnesses need not allege in his affidavit what information he has which enables him to state that the witnesses will testify to the facts as set forth in the affidavit.

2. SAME—STREET AND RESIDENCE—DISCRETION OF COURT.

The affidavit need not state the street and number of the residence of each witness named therein; in the absence of evidence of bad faith, where the witnesses reside in a rural district or a small city, the question of the necessity of such statements being within the discretion of the court.

3. SAME—SUFFICIENCY.

An affidavit in an action for goods sold, brought in the county of plaintiff's residence, on motion to change the venue to the county where the transaction took place, stated that defendant could prove by four witnesses who lived in the latter county that a part of the goods were in an unsalable condition when delivered, and that plaintiff's agent agreed to give certain credits for the acceptance of the goods in such condition. Defendant's affidavit was uncontradicted. *Held* sufficient to authorize a change of venue.

Appeal from special term.

Action by the Ballston Refrigerating & Storage Company against Michael Defoe. From an order denying a motion to change the place of trial from the county of Saratoga to the county of Schenectady, defendant appeals. Reversed.

Argued before PARKER, P. J., and EDWARDS, SMITH, and CHASE, JJ.

Frank Cooper, for appellant.
Frank H. Brown, for respondent.

PARKER, P. J.   The plaintiff seeks to recover $85.61, upon the ground that the defendant is indebted to it in that amount for goods sold and delivered, and the venue of the action is laid in the county of Saratoga, where the plaintiff resides.   The kind of goods sold is not disclosed by the papers before us.   The answer sets up that such goods were sold to the defendant in Schenectady, by the plaintiff's local agent there; that he has paid all but $30 of such amount; and that said agent agreed to credit the defendant with such $30 upon such amount, in consideration that he, defendant, agreed to keep, and not return, certain portions of such goods, as damaged, spoiled, and unmerchantable.   Such is the issue as framed by the pleadings.   The defendant, on his own affidavit, moved to change the venue from Saratoga to Schenectady county, and, among other things, stated therein that his wife and three other witnesses, naming them, are necessary and material witnesses upon the trial, as he is advised by his counsel, to whom he has stated the case, and as he verily believes, and that, without the testimony of each of them, he cannot safely proceed to the trial of this action, as he is so advised and verily believes.   He then states what he expects to, and can, prove by such witnesses, which is, substantially, that certain of such goods were in a bad and unsalable condition; that the attention of the plaintiff's agent was called to them; and that he agreed to give credit for the whole amount of the purchase price thereof in some instances, and in others to give credit for a part thereof.   If those witnesses will testify to such facts, evidently they are material upon the very issue in the case.   The defendant swears distinctly that they will.   It is not absolutely necessary in this department that he should state the reasons why he believes that they will so testify.   Bell v. Whitehead Bros. Co., 5 App. Div. 557, 39 N. Y. Supp. 434; Sinnit v. Stock Breeders' Ass'n, 27 App. Div. 318, 50 N. Y. Supp. 166.

The defendant further swears that each of such witnesses resides in the county of Schenectady.   It is objected that the occupation, and the street and number of the residence, of each witness should have been given.   That rule applies only when it appears that the witness is a resident of a city.   Evidently it cannot apply to a witness residing in a rural district, where there are no streets and numbers; nor should it be enforced as to a small city like Schenectady, unless all the circumstances indicate bad faith and an attempt to evade on the part of the moving party.   Its omission is, I think, a matter to affect the discretion of the court, rather than a legal prohibition against granting the relief asked.   The plaintiff produced no answering affidavit.   The motion was heard upon the pleadings and the one affidavit of the defendant, and was denied, with $10 costs, and from such order this appeal is taken.   Evidently the decision must have proceeded upon the theory that the affidavit was insufficient to warrant the relief asked.   It does not appear that there are any witnesses whatever in Saratoga county.   The whole transaction arose and ended in Schenectady county.   It cannot be disputed but that the

four witnesses claimed by the defendant reside in Schenectady county, and the defendant's affidavit, not being contradicted, is sufficient in law to show that each is a necessary and material witness upon the issue tendered by the answer. Under such circumstances, it is clear that the action should be tried in the county which was the situs of the transaction, and where alone the witnesses resided. Thompson v. MacKinnon, 57 App. Div. 329, 67 N. Y. Supp. 1106. And had the court below deemed the moving affidavit sufficient, in form, to establish the facts claimed in it, a change would probably have been ordered as a matter of course. We do not, therefore, interfere with the discretion of the special term, in reversing such order. We merely hold that the affidavit was sufficient in form, in the absence of an answering affidavit; and, that being so, the facts which are established without any controversy require that the defendant's motion should have been granted.

The order is reversed, with $10 costs and disbursements, and the motion granted, with costs to the defendant to abide the event. All concur.