## VOLUME 77,

AND

# New York State Reporter,

## VOLUME 111.

---

(73 App. Div. 599.)

### BROWNE v. TOWN OF MT. HOPE.

(Supreme Court, Appellate Division, Second Department.   June 13, 1902.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where, in an action brought in another county against a town for damages resulting from the alleged failure of the town to provide a sufficient guard or fence on a highway, a principal issue under the pleading being as to whether the town ever exercised authority over the road, the town moves for a change of venue to the county in which the cause of action arose, showing that it will require the testimony of 30 witnesses, residents of such county, while plaintiff shows the necessity, as witnesses, of but 14 residents of the county in which the action is brought, the motion should be granted.

2. SAME—MOVING PAPERS—SUFFICIENCY.

On an application for change of venue for convenience of witnesses, it is not necessary that the moving papers contain a positive statement that the facts relied on by defendant can be proved by the witnesses named, where the papers disclose grounds indicating a strong probability that they will testify to such facts.

Appeal from special term, Kings county.

Action by Grace A. Browne, as administratrix of Robert E. Browne, deceased, against the town of Mt. Hope.   From an order denying a change of venue for convenience of witnesses, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

R. Robertson, for appellant.

Rufus O. Catlin, for respondent.

77 N.Y.S.—1

WILLARD BARTLETT, J.  In the exercise of a fair discretion we are constrained to conclude that the venue herein should be changed to Orange county, where the cause of action arose.  The plaintiff seeks to render the defendant liable for the death of her husband, which is alleged to have been caused by the neglect of the commissioner of highways in the town of Mt. Hope to provide a sufficient guard or fence upon a road leading to the village of Otisville.  It is alleged in the complaint that this road has been a highway under the control and superintendence of the commissioner of highways for more than 20 years.  This allegation is denied in the answer, which expressly avers that it was never granted or conveyed to the defendant for any purpose whatever, or ever accepted by the defendant, or ever lawfully ascertained, described, or entered of record in the office of the town clerk.

It is plain from the pleadings that one of the principal issues to be litigated upon the trial will be the question whether the officers of the town ever exercised any such authority over the place where the plaintiff's intestate was killed as to render the town liable for injuries resulting from the condition of things existing at that spot.  The affidavits in support of the motion show that the defendant will require the testimony of 30 witnesses, all of whom are residents of Orange county, and most of whom live in the town of Mt. Hope, while the affidavits in opposition to the motion mention but 14 residents of Kings county whose testimony will be required by the plaintiff.  The numerical preponderance of the witnesses for the moving party is so great as to entitle the defendant to prevail upon the motion, when considered in connection with the fact that the cause of action arose in Orange county.

The respondent cites the case of Lyman v. Gramercy Club, 28 App. Div. 30, 50 N. Y. Supp. 1004, where it was held that the moving papers were insufficient to authorize a change of venue because they merely stated that the moving party expected to prove certain facts by the witnesses named, but failed to state that such facts could be proved by the witnesses, or to disclose grounds showing that the facts could probably be established by the persons designated.  It is true that in the present case there is no positive statement that the facts relied upon by the defendant can be proved by the witnesses named, but I think that the defendant's papers do disclose grounds indicating a strong probability that the witnesses will testify to the facts stated.  This is enough.  In Kubiac v. Clement, 35 App. Div. 186, 54 N. Y. Supp. 773, it was held that where a case is evenly balanced as to witnesses the locality in which the cause of action arose is an important element in the determination of an application to change the venue, and it is still more important in a case like this, where the witnesses of the moving party outnumber those of the other side in the proportion of more than two to one.

Order reversed, with $10 costs and disbursements, and motion granted, with costs to defendant to abide the event.  All concur.