WEIDENFELD, Appellant, v. McCLURE, Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Camille Weidenfeld against William McClure. Herbert R. Limburger (Edward Lauterbach and Henry L. Scheuerman, on the brief), for appellant. Lewis Cass Ledyard, for respondent.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, with costs, on the authority of Quinn v. Brooklyn Heights R. Co. (decided Nov. 20, 1903) 84 N. Y. Supp. 738.

JENKS, J. (dissenting). I dissent. This is an appeal from an order changing venue from Nassau county to New York county on a motion based on the convenience of witnesses and the promotion of justice. In Sparks v. United Traction Co., 66 App. Div. 205, 206, 73 N. Y. Supp. 109, the court, per Adams, P. J., said: "The determination of a motion to change the place of trial on the ground of the convenience of witnesses often resolves itself into the exercise of the discretionary power of the Special Term, and, when thus exercised, it should not be disturbed by an appellate tribunal, unless it is made clearly to appear that there has been an abuse of that power. Fitzgerald v. Payn, 78 Hun, 38 [28 N. Y. Supp. 1033]; Payne v. E. Electric Co., 88 Hun, 250 [34 N. Y. Supp. 657]." At all events, our discretion on review should not be exercised as if the motion now came up for a second hearing as of first instance, regardless of the exercise of the discretion by the Special Term. I see no reason for the exercise of our discretion counter to that of the Special Term. I am well aware of the rules laid down in Daley v. Hellman (Sup.) 16 N. Y. Supp. 689, approved in Navratil v. Bohm, 26 App. Div. 460, 50 N. Y. Supp. 225, McCready v. Haight, 22 App. Div. 632, 48 N. Y. Supp. 39, and Tuthill v. Long Island R. R. Co., 75 Hun, 556, 26 N. Y. Supp. 1029. Let us compare the convenience of witnesses. First. There is the plaintiff, who resides in the county of Nassau, but who does business as a stockbroker in the city of New York. In Hedges v. Bemis, 38 App. Div. 349, 56 N. Y. Supp. 566, the court, per Van Brunt, P. J., says: "But where the cause of action has arisen in another county, and the convenience of the witnesses will be promoted by a change of venue to that county, we are not aware of any rule which will permit the inconvenience to the plaintiff to prevent its removal to the proper county." Second. There are the five witnesses named by the plaintiff. Of the five, three reside in Oyster Bay, one at Port Washington, and one at Hempstead. It seems to me that the witnesses

to be primarily considered on either side are those who are in themselves necessary witnesses in the case, and not those for whom, presumably, adequate substitutes are at hand. See Jordan v. Garrison, 6 How. Prac. 6. I think that none of the five is within the description, for the reason that all are described as but witnesses to the character and repute of the plaintiff. It cannot be presumed but that many others of equal standing, who reside in the city where the plaintiff transacts his business, are equally available to testify upon this subject. None of the five, save one, is even a witness in the vicinage of the plaintiff. The hypercritical might suggest that not alone the high standing, but the residential qualifications, of the witnesses, prompted their nomination in the opposing papers. I think, then, that the learned Special Term had a right to conclude, and that we have a right to conclude, that there are practically no witnesses named by the plaintiff whose convenience need be compared by the court with that of the witnesses named by the defendant. This is an action against the secretary of the New York Stock Exchange for libel. The plaintiff, a stockbroker, courted an investigation at the hands of the governing committee of that body, and the defendant, as an official, after a preliminary investigation by the law committee and the governing committee, and at their instance, preferred the charges upon which the hearing was based, and which resulted in the suspension of the plaintiff. All of the proceedings, including the preliminary investigation, the preference of the charges, the hearing, and all other germane matters, were held in the city of New York, where the plaintiff has his place of business, and where the stock exchange is located. It is fairly well settled, in transitory actions, when the even relative convenience of witnesses is open to question, that the county of the occurrence should be preferred as that of the trial. Payne v. Eureka Electric Co., 88 Hun, 250, 34 N. Y. Supp. 657; Osterhout v. Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336; Kubiac v. Clement, 35 App. Div. 186, 54 N. Y. Supp. 773. See, too, Ballston Storage Co. v. Defeo, 67 App. Div. 341, 73 N. Y. Supp. 772; Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558; Thompson v. MacKinnon, 57 App. Div. 329, 67 N. Y. Supp. 1106. And in Browne v. Town of Mount Hope, 73 App. Div. 599, 601, 77 N. Y. Supp. 1, 2, this court, per Willard Bartlett, J., said: "In Kubiac v. Clement, 35 App. Div. 186 [54 N. Y. Supp. 773], it was held that, where a case is evenly balanced as to witnesses, the locality in which the cause of action arose is an important element in the determination of an application to change the venue; and it is still more important in a case like this, where the witnesses of the moving party outnumber those of the other side in the proportion of more than two to one." The learned counsel, in answer to this contention, states in his affidavit: "While the jury would have the right to infer malice from the language of the libelous article which charges the plaintiff with the crime of extortion, I did state, in the affidavit referred to in the defendant's moving papers, that it was my intention to show by the statements of the defendant before the governing committee cir-

cumstances from which the jury could find the existence of express malice. Inasmuch as there is a stenographic record of the statements of the plaintiff, this fact can be established by the stenographer of the committee, or by any one member of the committee, all of whom are friendly to the defendant, and the testimony of one of whom, Mr. Heaton, I attempted to take before a referee, under the order of the court, as hereinbefore stated. The testimony of all of these witnesses must, under the circumstances, necessarily be cumulative." Without prejudging the case, I may say that there is grave question whether the plaintiff can prevail against this defendant without evidence of express malice. Remington v. Congdon, 2 Pick. 310, 13 Am. Dec. 431; O'Donaghue v. McGovern, 23 Wend. 26; Streety v. Wood, 15 Barb. 105, 110. I think, then, that it may be fairly said that the defendant is entitled at least to have at hand the testimony both of the members of the law committee who investigated preliminarily, and also of those who tried the charges, in order to disprove, if possible, that which the plaintiff may be bound to prove as part of his case. It may be that the testimony of many of these members may be held cumulative or unnecessary upon the trial; but we cannot forecast the scope or trend of the trial to the extent of excluding or limiting the number of such witnesses. Snyder v. Mack, 35 App. Div. 97, 54 N. Y. Supp. 534, is also an authority that sustains the learned Special Term. I think that the order should be affirmed.

GOODRICH, P. J., concurs.