SPENCER KELLOGG & SONS, INC., Plaintiff, *v.* BARBER & COMPANY, INC., Defendant.

(Supreme Court, Erie Special Term, February, 1919.)

Venue — when motion to change place of trial for convenience of witnesses will be granted — motions and orders — Code Civ. Pro. §§ 984, 987.

Section 984 of the Code of Civil Procedure, which provides that an action to recover damages for an alleged breach of contract must be tried in the county in which one of the parties resided at the commencement of the action, is qualified by section 987 of said Code which authorizes a change of venue for various reasons, among others, for the convenience of witnesses and to promote the ends of justice.

Where upon a motion to change, for the convenience of witnesses, the place of trial of an action to recover damages for breach of a contract, made in the city of New York, for the transportation of certain oil cake from New York to Rotterdam, Holland, it is not disputed but that the convenience of witnesses will be served by granting the motion, and the moving papers make it clear that it will be necessary for defendant not only to call twenty-seven witnesses from New York and vicinity but that it would be a hardship to require most of them, some of whom are presently engaged in important work for the United States government, to take up their residence in the city of Buffalo during the trial of the action, an order will be granted changing the place of trial to the county of Bronx.

MOTION for a change of venue.

Herman Goldman (Simon Fleischmann, of counsel), for motion.

Dudley, Stowe & Sawyer (Franklin D. L. Stowe, of counsel), opposed.

BISSELL, J. This is a motion by the defendant to change the place of trial of the action from the county of Erie to the county of New York, or in the alternative to the county of Bronx, on the ground that the convenience of the witnesses will be served thereby. The action has been brought to recover the sum of $125,000 and interest as damages for an alleged breach of contract made by the defendant on August 16, 1915, to carry and transport certain oil cake for plaintiff from New York to Rotterdam, Holland. The contract was entered into in the city of New York, the defendant acting by one of its officers, and the plaintiff acting through a firm of ship brokers of the city of New York. It was commenced on October 6, 1916, and issue was finally joined on August 8, 1917, by the service of defendant's answer to plaintiff's amended complaint.

The moving papers show that the question of the breach of the contract will depend upon the testimony of witnesses resident in New York city and its vicinity, including the agent of the plaintiff who made the contract, and agents of the plaintiff who made alleged tenders and who reside in Shady Side, N. J., in the vicinity of New York; and that the persons subject to subpoena, who can prove the facts as to the various conditions mentioned in the contract, are residents of the city of New York or its immediate vicinity, and have their places of business or their official offices in the city of New York.

The plaintiff has presented no affidavits to dispute the allegations of the defendant as to the residence or the necessity and materiality of the witnesses, nor has it presented affidavits claiming to show that there are witnesses in Erie county whose convenience will be served by retaining the place of trial in Erie county. In opposition to the granting of the motion the plaintiff contends that, under section 984 of the Code of Civil Procedure, Erie county is the only proper county for the trial of the action, for the reason that the plaintiff was and now is a corporation organized and existing under and by virtue of the laws of the state of New York, having its office and principal place of business in the city of Buffalo, Erie county, N. Y., while the defendant was and now is a foreign corporation organized and existing under and by virtue of the laws of the state of New Jersey. The plaintiff also contends that the papers read on the motion show that the defendant is guilty of such laches that the motion should be denied.

It is clear that the motion should be granted upon the undisputed allegations and affidavits of the defendant as to the convenience, the necessity and materiality of the witnesses, no affidavits being read in opposition

or to the effect that necessary and material witnesses reside in Erie county or any other place than in or near the city of New York, unless there is force in the contention of the plaintiff that pursuant to section 984 of the Code of Civil Procedure, which provides that an action of this kind must be tried in the county in which one of the parties resided at the commencement thereof, the court has no discretion to change the place of trial, or on account of the alleged laches of the defendant in making the motion. But section 984 of the Code, notwithstanding its apparent peremptory requirements, has been qualified by section 987 of the Code which authorizes a change of venue for various reasons, no matter which may be the proper place of trial under other circumstances, one of which is '' where the convenience of witnesses, and the ends of justice, will be promoted by the change.'' This section would be a nullity, and an unjust result might follow in certain cases where a resident corporation might sue a foreign corporation, if the court has no discretion to apply the provisions of section 987 in modification of section 984. It would therefore depend upon the circumstances shown whether or not the peremptory requirements above referred to should be disregarded and the motion granted. It has been held that the place of trial of an action under these circumstances may be changed. *Gorman* v. *South Boston Iron Co.,* 32 Hun, 71; *Solberg* v. *Fort Orange Construction Co.,* 142 N. Y. Supp. 228; *Herbert* v. *Griffith,* 2 App. Div. 566.

In the case at bar there is no dispute but that the convenience of the witnesses will be served by granting the motion. The defendant's motion papers make clear that it will be necessary for the defendant not only to call twenty-seven witnesses from New York and vicinity, but that among the witnesses whom the

defendant intends to call are men of great importance in their own branches of our country's activity, and their time of the greatest possible value, and the inconvenience resulting from an absence from their duties correspondingly great, and it would be a hardship to require most of these men, some of whom are engaged in important work for the government at this time, to leave New York and take up their residence in Buffalo for the length of time that would be necessary to try this action.

The reason for the apparent laches of the defendant in making the motion is explained by the fact that the summons and complaint were served on October 6, 1916, and were followed by the hearing and determination of two demurrers to the complaint and the granting of a motion for a bill of particulars, which was served March 16, 1918, and the conditions existing in the offices of the respective attorneys have been such that delay could not be avoided.

It also appears from the moving papers that a trial of this action can now be had in the county of Bronx with practically as much expedition as it can be held in the county of Erie.

Therefore let an order be entered changing the place of trial of this action from the county of Erie to the county of Bronx.

Ordered accordingly.